IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Clifton Scurry, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 0:06-01764-MBS-BM |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Cpt. Sharon Middleton, | ) | |
| Major Phillip Anderson, and | ) | |
| Lt. Lynda Butler, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action was filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights by the named Defendants while he was an inmate at the Greenwood County Detention Center.[1]

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 13, 2006. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on September 14, 2006, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Plaintiff has failed to file any response to the Defendants' motion, which is now before the Court for disposition.[2]

---

[1] Plaintiff is apparently no longer detained at the Detention Center. See Document No. 18.

[2] This case was automatically referred to the undersigned United States Magistrate Judge
(continued...)

1



**Background and Evidence**

Plaintiff alleges in his verified Complaint[3] that on May 31, 2006, while he was an inmate at the Greenwood County Detention Center, he received a letter from United States District Court about a pending case, and that the letter had been opened. Plaintiff alleges that he was told by an Officer "Andrews" that the letter was already open when he received it to give to the Plaintiff. Plaintiff alleges he filed a grievance concerning this matter, and that he was told by the Defendant Middleton that "they or she open all mail without the inmate being present to check for contraband and anything else, like staple[s], paper clip[s]....". Plaintiff alleges that it is a violation of his constitutional rights for his mail to be opened without his being present. Plaintiff does not seek any monetary damages, but apparently only desires that this practice be stopped. See generally, Verified Complaint.

In support of summary judgment in the case, the Defendant Middleton has submitted an affidavit attesting to the authenticity of portions of the Greenwood County Detention Center's policy on incoming mail and the inmate handbook, both of which are attached to her affidavit. The inmate handbook reads, in part:

> Incoming mail will be delivered to you as soon as possible. All incoming mail will be opened and screened for contraband. All incoming mail must have a VALID

---

[2](...continued)
for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, even though Plaintiff failed to respond to the motion for summary judgment, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



return address, or it will be considered contraband and will be destroyed.

The Detention Center's policy on incoming mail reads as follows:

A) Each weekday the mail is delivered, the Assistant Administrator or Designee will sort the jail's incoming mail separating mail for inmates from other mail.

B) The Assistant Administrator/Designee will open the envelope and examine the contents for contraband or unacceptable materials, but will not read or sensor the contents.

C) If drugs are found, the Assistant Administrator/Designee who discovers the drugs will hand deliver the envelope and all contents to the Detention Center's Investigator.

D) If unacceptable materials are found, an incident report will be written and a copy of the report provided to the inmate. The Assistant Administrator will notify the sender that the contraband has been seized. This notification will also contain procedures for appealing the seizure.

E) If cash or a personal check is discovered in an envelope, the Inmate Record's Coordinator will return it to the sender with a letter of explanation that only a Postal Money Order may be sent to the jail for an inmate. The Shift Commander will advise the inmate in writing about the returned money. <u>THE GCDC IS NOT RESPONSIBLE FOR ANY CASH SENT THROUGH THE MAIL</u>.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case, <u>see</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the requirement of liberal

3



construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Defendants argue in their motion for summary judgment, inter alia, that the Detention Center's policy with respect to incoming inmate mail does not violate inmates' constitutional rights. However, it is not necessary for the Court to reach this underlying issue, as it is readily apparent from a review of this file that, since the filing of Plaintiff's Complaint as well as the filing by the Defendants of their motion for summary judgment, Plaintiff has been released from the Detention Center and is no longer an inmate at that facility. Therefore, since Plaintiff has only requested injunctive and/or declaratory relief in this case, his claim is moot. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) ["[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."]; Taylors v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) [holding that prisoner's transfer mooted a request for declaratory and injunctive relief]. *Cf.* Powell v. McCormack, 395 U.S. 486, 496 (1969) ["[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."]; Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); Buie v. Jones, 717 F.2d 925, 927-929 (4th Cir. 1983). Therefore, this case is subject to dismissal.

Additionally, even if Plaintiff had requested monetary damages in this case; see Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976) [claim for monetary damages survives transfer]; the factual allegations set forth in Plaintiff's verified Complaint (the only evidence from the Plaintiff in this case) are not sufficient, standing alone, to survive summary judgment, as Plaintiff does not even allege that any of the Defendants named in this action played any role in the opening



4

of his mail on May 31, 2006. Indeed, the Defendant Middleton is the only Defendant even mentioned in the text of Plaintiff's Complaint, and that is only to state that Middleton told Plaintiff what the jail policy was with respect to incoming prisoner mail. There is no factual allegation, or even claim, that any of these three Defendants opened Plaintiff's mail, or personally had anything to do with the opening of his mail. Therefore, even if Plaintiff had requested monetary damages in this case, these Defendants would be entitled to summary judgment for failure of the Plaintiff to state a claim against any of them. Gomez v. Toledo, 446 U.S. 635, 640 (1980) [In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege, in part, that a named defendant deprived him or her of a federal right]; see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1999) ["liability...must be based on the personal involvement of the defendant"], cert. denied, 522 U.S. 1154 (1999); Wilson v. Cooper, 922 F.Supp. 1286, 1293 (N.D.Ill. 1996); Horton v. Marovich, 925 F.Supp. 540 (N.D.Ill. 1996) ["thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right"].

While one or more of these Defendants could be held liable if the allegedly unconstitutional action or conduct complained of was the result of an official policy or custom for which they were responsible; see Slakan v. Porter, 737 F.2d 368, 375-376 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 115 S.Ct. 67 (1994); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-1143 (4th Cir. 1982) (citing Hall v. Tawney, 621 F.2d 607 (4th Cir. 1980)); Plaintiff has set forth no factual allegations, or even claimed, that any of these Defendants were responsible for the policy at issue. Therefore, the Defendants are entitled to summary judgment in this case. *Cf.*



Taylor v. Oney, 196 Fed.Appx. 126, 128 (3d Cir. 2006) [Prisoner could not prevail on claim that prison employees impinged on his First Amendment rights by opening his legal mail outside of his presence absent some evidentiary support that a named Defendant was personally involved in the alleged incident].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.[4]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 7, 2007

---

[4] While the undersigned has determined that this case is subject to dismissal for the reasons stated, Defendants are cautioned that jail policies must take into account differences between legal mail and other types of mail, and that in some circumstances the opening of legal mail outside the presence of the inmate may lead to liability. Taylor, 196 Fed.Appx. At 128 ["prison official impinge on the First Amendment rights of prisoners when they open prisoners' legal mail outside the presence of the addressee prisoner]; Jones v. Brown, 461 F.3d 353 (3d Cir. 2006); see also Lloyd v. Vincent, No. 4:03-1546, 2004 WL 3249250 (D.S.C. Sept. 10, 2004); Glenn v. Bracey, No. 6:06-550, 2006 WL 2796319 (D.S.C. Sept. 27, 2006); Griffin v. Virginia, 67 Fed.Appx. 837 (4th Cir. 2003).

6



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



7